IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JAMES EDWARD YATES,            )
     Plaintiff,                     )          Civil Case No. 7:20-cv-00718
                               )
v.                             )
                               )          By: Elizabeth K. Dillon
ROBERT BATES, *et al.*,        )              United States District Judge
     Defendants.                    )

**MEMORANDUM OPINION**

Plaintiff James Edward Yates, a Virginia inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. The complaint is before the court for review pursuant to 28 U.S.C. § 1915A(a). For the reasons discussed herein, the court concludes that Yates's complaint fails to state a claim for which relief can be granted, and so it must be dismissed without prejudice.

I.  BACKGROUND

Yates's complaint names three defendants: Robert Bates (who Yates describes as an officer with the Drug Task Force), Sheriff Hall, and the County of Alleghany. His complaint does not contain a lot of detail, but he alleges that he was cooperating with a drug task force and that Officer Bates "gave [him] immunity to possess guns [and] small amounts of drugs," so he could "keep [his] image as a drug dealer." (Compl. 2, Dkt. No. 1.) He says Bates specifically told him he would never be charged or prosecuted, but he "ended up receiving 20 years in prison without the immunity promised." (*Id.*) He does not identify any actions taken by Sheriff Hall, nor does he offer any basis for finding liability on the part of Alleghany County. The only relief he seeks is ten million dollars in compensatory damages and five million dollars in punitive damages.

Upon review of Yates's complaint, the court concludes that his claims are subject to dismissal pursuant to 28 U.S.C. § 1915A(b)(1) for the reasons discussed next.

## II.  DISCUSSION

### A.  Yates Does Not State a Claim Against Sheriff Hall or the County of Alleghany

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted).  Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted).  Thus, a § 1983 claim requires factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).

Yates does not allege any action by Sheriff Hall.  Moreover, to the extent he is attempting to hold Hall responsible under a theory of supervisory liability, he has wholly failed to allege any facts plausibly setting forth a supervisory liability claim.  To establish such liability, Yates must allege facts sufficient to show that the defendant (1) "had actual or constructive knowledge that [a] subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff"; (2) that the defendant's "response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,'"; and (3) that there was an

"affirmative causal link" between the defendant's conduct and plaintiff's "particular constitutional injury." *Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)).

Although a *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), a complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Yates's complaint contains no facts whatsoever that could plausibly satisfy any of the foregoing three requirements.

Yates also has failed to plead a viable claim against Alleghany County.  "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690 (1978).  Thus, a local governmental entity is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation. *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981).  To satisfy that requirement, the entity's official policy or custom must have played a part in the alleged violation of federal law. *Oklahoma City v. Tuttle*, 471 U.S. 808, 817–18 (1985).  In this case, Yates has set forth no factual matter that would state a claim against the County under *Monell*.

## B.  Yates's Claim Is Barred by *Heck v. Humphrey*

In addition to failing to state a claim against Hall or the County, the entirety of Yates's complaint must be dismissed for a more fundamental reason.  Specifically, his claim—which is

essentially that he had been promised immunity for the very conduct that led to his conviction—is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

*Heck* precludes a § 1983 claim that would "necessarily imply the invalidity of [the plaintiff's] conviction or sentence," because "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id.* at 486–87. Instead, "habeas corpus is the appropriate remedy" for a state prisoner to challenge his conviction or sentence. *Id.* at 482. *Heck* thus held that if granting relief on a civil claim would necessarily call into question the validity of a criminal judgment, then the civil case cannot proceed unless the conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486–87.

For *Heck* to apply and bar a plaintiff's § 1983 claim, two requirements must be met: (1) a judgment in favor of the plaintiff must necessarily imply the invalidity of the plaintiff's conviction or sentence; and (2) the claim must be brought by a claimant who is either (a) currently in custody or (b) no longer in custody because the sentence has been served, but nevertheless could have practicably sought habeas relief while in custody. *Covey v. Assessor of Ohio Cty.*, 777 F.3d 186, 197 (4th Cir. 2015) (citations and alterations omitted).

Both of these requirements are met here. If the court were to rule in Yates's favor, it would be determining that Yates was entitled to immunity for his actions and never should have been prosecuted or convicted. A judgment in his favor then, would necessarily imply the invalidity of his conviction. *See Atkins v. Kruse*, No. 209-CV-01289-RCJ-GWF, 2010 WL 398905, at *4 (D. Nev. Jan. 21, 2010) (plaintiff's claim that his due process rights were violated when he was not granted immunity from prosecution based on an alleged promise not to prosecute was barred by *Heck*); *Banko v. Brooks*, No. CIV.A. 06-946, 2006 WL 3227761, at *4

4

(W.D. Pa. Nov. 2, 2006) (adopting report and recommendation concluding *Heck* barred plaintiff's claim that he was promised immunity, but then denied that benefit and convicted).

As to the second *Heck* requirement, it also is met. Although Yates does not provide information in his complaint about his criminal convictions, Alleghany County Circuit Court records indicate that Yates was convicted after a jury trial and sentenced on January 7, 2020, in three different cases charging him with drug and weapons charges: (1) CR 18000932-00, for which he was sentenced to five years; (2) CR19000694-00, for which he was sentenced to five years; and (3) CR19000695-00, for which he was sentenced to ten years. All three sentences were ordered to run consecutive to each other. The dockets in those cases indicate that he has filed a petition for appeal to the Court of Appeals of Virginia, which was denied. *See generally Yates v. Commonwealth*, No. 0194-20-3 (Va. Ct. App. Dec. 15, 2020).

According to the Court of Appeals of Virginia docket, he filed a notice of appeal to the Supreme Court of Virginia in late December 2020. Thus, his criminal case is still on direct appeal. Based on publicly available records, then, Yates is currently in custody on the precise convictions that he challenges in this lawsuit. Moreover, those records indicate that his convictions have not been reversed, expunged, or otherwise called into questions.

For all of these reasons, Yates's claims are barred by *Heck*.[1] The court will thus dismiss them for failure to state a claim for which relief can be granted.[2]

---

[1] The court declines to construe Yates's complaint as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, because it does not appear that he has yet exhausted the remedies available in Virginia state courts. *See* 28 U.S.C. § 2254(b); *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973). The exhaustion requirement is satisfied by seeking review of a claim in the highest state court with jurisdiction to consider the claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). As noted, his direct criminal appeal is currently pending before the Supreme Court of Virginia.

[2] Not all U.S. Courts of Appeals treat a case dismissed pursuant to *Heck* as a dismissal "for failure to state a claim." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724 n.2 (2020). The Fourth Circuit does not appear to have spoken on the issue, but it has stated in an unpublished decision that a dismissal based on *Heck* should be without prejudice. *Omar v. Chasanow*, 318 F. App'x 188, 189 (4th Cir. 2009) (per curiam). Because Yates's claims against two of the defendants are subject to dismissal on the grounds that he has failed to state a claim, and in the absence of any additional guidance from the Fourth Circuit, the court concludes that dismissal without prejudice on the basis that Yates has failed to state a claim is appropriate.

### III.  CONCLUSION

For the foregoing reasons, Yates's complaint will be dismissed without prejudice for

failure to state a claim.  An appropriate order will be entered.

Entered: January 26, 2021.


*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge